UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. SA12CR0323 OG  |
| v. | INDICTMENT |
| MARCUS A. GARZA | [Violations: Bank Fraud, 18 U.S.C. § 1344; Wire Fraud, 18 U.S.C. § 1343; Failure to File Tax Returns, 26 U.S.C. § 7203] |

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

Person and Entities

1. Defendant Marcus A. Garza was a resident of San Antonio, Texas.

2. Auto nSure was a business proprietorship owned and operated by Defendant Marcus A. Garza. It was in the business of selling insurance policies underwritten by other insurance companies to the general public.

3. Liberty Pre-Owned Cars and Trucks (herein variously referred to as "Liberty") was a limited liability company, the principal owner of which was Defendant Marcus A. Garza. It was in the business of buying and selling used automobiles to the general public.

4. Marcus Garza Enterprises, LLC, (herein variously referred to as "MGE") was a corporation organized under Subchapter S of Chapter 1 of the Internal Revenue Code. Its shares were wholly owned by Defendant Marcus A. Garza. It was in the business of handling payroll matters for all of Defendant Marcus A. Garza's business concerns.

5. eTax Express, Inc., (herein variously referred to as "eTax") was a corporation

organized under Subchapter C of Chapter 1 of the Internal Revenue Code. Its shares were wholly owned by Defendant Marcus A. Garza. It was in the business of preparing income tax returns for the general public.

6. Well Fargo Home Mortgage was a wholly-owned subsidiary of Wells Fargo Bank, N.A.

7. Wells Fargo Bank, N.A., was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

8. Broadway National Bank, also known as Broadway Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

9. The Laredo National Bank was a division of BBVA Compass Bank, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

10. San Antonio National Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

11. Generations Federal Credit Union was a financial institution, the deposits of which were insured by the National Credit Union Share Insurance Fund.

12. Prosperity Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

13. Oak Street Funding was a commercial lender in the business of making loans to insurance agents and insurance companies.

14. Dealer Services Corporation was a commercial lender in the business of providing financing to automobile dealers.

15. Manheim Automotive Financial Services, Inc., was a commercial lender in the

business of providing financing to automobile dealers.

## The Scheme

16. From a time unknown to the Grand Jury, but believed to be in or about 2005, and continuing through 2009, in the Western District of Texas and elsewhere, the Defendant,

MARCUS A. GARZA,

devised a scheme to defraud various lenders, including but not limited to those named herein, and to obtain money and property owned by them or under their care, custody and control by means of materially false and fraudulent pretenses, representations and promises.

17. It was a part of the scheme that Defendant knowingly and willfully presented lenders with fraudulent documents including but not limited to personal and business income tax returns and bank statements.

18. It was a part of the scheme that Defendant knowingly and willfully represented his income and credit worthiness to be greater than it actually was.

19. It was a part of the scheme that Defendant obtained loans and lines of credit from the lenders.

20. It was a part of the scheme that Defendant drew upon the loans and lines of credit thereby obtaining money and funds.

21. It was a part of the scheme that Defendant used the money and funds for purposes other than represented in his loan applications.

## COUNT ONE
[18 U.S.C. § 1344]

1. The Introduction to this Indictment is incorporated herein as if fully restated.

2.  On or about November 22, 2005, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a $311,250 mortgage loan to purchase a residence located at an address known to the Grand Jury, but identified herein only as # Crestridge, San Antonio, Texas, presented Wells Fargo Home Mortgage and Wells Fargo Bank, N.A., with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2003 and 2004; what he purported to be a truthful, accurate and filed Forms W-2 for 2003 and 2004; and what he purported to be the truthful, accurate and filed U.S. income tax returns for an S Corporation, Forms 1120S of eTax for the years 2003 and 2004, when in fact each of these forms overstated income, contained false items, and in fact none had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

COUNT TWO
[18 U.S.C. § 1344]

1.  The Introduction to this Indictment is incorporated herein as if fully restated.

2.  On or about December 5, 2005, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a $35,000 business line of credit, presented Broadway National Bank with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2003 and 2004; and what he purported to be the truthful, accurate and

filed U.S. income tax returns for an S Corporation, Forms 1120S of eTax for the years 2003 and 2004, when in fact each of these returns overstated income, contained false items, and in fact none had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

COUNT THREE
[18 U.S.C. § 1344]

1.  The Introduction to this Indictment is incorporated herein as if fully restated.

2.  On or about March 17, 2006, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a real estate lien note in the amount of $550,000, and a real estate lien note in the amount of $100,000, presented The Laredo National Bank with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2003 and 2004, when in fact each of these returns overstated income, contained false items, and in fact neither had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

COUNT FOUR
[18 U.S.C. § 1344]

1.  The Introduction to this Indictment is incorporated herein as if fully restated.

2.  On or about September 27, 2007, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a $60,000 unsecured bridge loan, presented San Antonio National Bank

with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005 and 2006; and what he purported to be the truthful, accurate and filed U.S. Returns of Partnership Income, Forms 1065, of Liberty for the years 2005 and 2006, when in fact each of these returns overstated income, contained false items, and in fact none had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

## COUNT FIVE
[18 U.S.C. § 1344]

1. The Introduction to this Indictment is incorporated herein as if fully restated.

2. On or about June 20, 2008, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a $20,000 loan, presented Generations Federal Credit Union with what he purported to be his truthful, accurate and filed U.S. individual income tax return, Form 1040, for the year 2006; and what he purported to be a truthful, accurate and filed Form W-2 for 2007 when in fact each of these forms overstated income, contained false items, and in fact neither had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

## COUNT SIX
[18 U.S.C. § 1344]

1. The Introduction to this Indictment is incorporated herein as if fully restated.

2. On or about June 6, 2008, in the Western District of Texas, the Defendant,

MARCUS A. GARZA,

executed and attempted to execute the scheme set forth above in that Defendant, in connection with his application for a loan in the amount of $25,000, and a subsequent loan in the amount of $65,000, presented Prosperity Bank with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005, 2006, and 2007, when in fact each of these returns overstated income, contained false items, and in fact neither had actually been filed with the Internal Revenue Service.

All in violation of Title 18, United States Code, § 1344.

## COUNTS SEVEN THROUGH EIGHTEEN
[18 U.S.C. § 1343]

1. The Introduction to this Indictment is incorporated herein as if fully restated.

2. It was further a part of the scheme that the Defendant, in connection with his application for a $255,000 loan, presented Oak Street Funding with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2003 and 2004, when in fact each of these returns overstated income, contained false items, and in fact neither had actually been filed with the Internal Revenue Service.

3. On or about the date listed below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

MARCUS A. GARZA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each Count, each transmission constituting a separate Count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Seven | July 27, 2007 | Wire transfer of $13,380.05 from Indiana to Texas |
| Eight | August 29, 2007 | Wire transfer of $11,647.67 from Indiana to Texas |
| Nine | September 27, 2007 | Wire transfer of $13,764.37 from Indiana to Texas |
| Ten | October 29, 2007 | Wire transfer of $10,652.97 from Indiana to Texas |
| Eleven | November 9, 2007 | Wire transfer of $12,771.76 from Indiana to Texas |
| Twelve | December 10, 2007 | Wire transfer of $10,908.73 from Indiana to Texas |
| Thirteen | January 10, 2008 | Wire transfer of $15,165.51 from Indiana to Texas |
| Fourteen | February 8, 2008 | Wire transfer of $10,273.25 from Indiana to Texas |
| Fifteen | March 10, 2008 | Wire transfer of $18,890.58 from Indiana to Texas |
| Sixteen | April 10, 2008 | Wire transfer of $14,781.85 from Indiana to Texas |
| Seventeen | May 7, 2008 | Wire transfer of $11,871.74 from Indiana to Texas |
| Eighteen | June 9, 2008 | Wire transfer of $10,045.75 from Indiana to Texas |

All in violation of Title 18, United States Code, § 1343.

## COUNTS NINETEEN THROUGH TWENTY-FIVE
[18 U.S.C. § 1343]

1.  The Introduction to this Indictment is incorporated herein as if fully restated.

2.  It was further a part of the scheme that in connection with his application for a $475,000 permanent line of credit, presented Dealer Services Corporation with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005 and 2006; and what he purported to be the truthful, accurate and filed U.S. Returns of Partnership Income, Forms 1065, of Liberty for the years 2005 and 2006, when in fact each of these returns overstated income, contained false items, and in fact none had actually been filed with the Internal Revenue Service.

3. It was further a part of the scheme that Defendant presented Dealer Services Corporation with what he purported to be the truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005 and 2006 of a person known to the Grand Jury, but identified herein only as L.G. which in fact were not the truthful, accurate and filed U.S. individual income tax returns of L.G.

4. It was further a part of the scheme that Defendant presented Dealer Services Corporation with what he purported to be the actual bank account statements of Liberty at Laredo National Bank for the months of July, August and September 2007, which had been altered to remove daily balances, cancelled check summaries, and insufficient funds transactions, and which had been further altered to show positive balances exceeding $180,000, when in fact the account in question actually had negative balances for those periods.

5. On or about the date listed below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

MARCUS A. GARZA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each Count, each transmission constituting a separate Count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| Nineteen | May 14, 2007 | Wire transfer of $200,839.00 from Tennessee to Texas |
| Twenty | June 15, 2007 | Wire transfer of $80,595.00 from Tennessee to Texas |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Twenty-one | August 17, 2007 | Wire transfer of $113,020.00 from Tennessee to Texas |
| Twenty-two | October 26, 2007 | Wire transfer of $85,075.00 from Tennessee to Texas |
| Twenty-three | January 28, 2008 | Wire transfer of $84,350.00 from Tennessee to Texas |
| Twenty-four | January 30, 2008 | Wire transfer of $136,880.00 from Tennessee to Texas |
| Twenty-five | March 3, 2008 | Wire transfer of $144,129.00 from Tennessee to Texas |

All in violation of Title 18, United States Code, § 1343.

## COUNTS TWENTY-SIX THROUGH THIRTY-THREE
[18 U.S.C. § 1343]

1. The Introduction to this Indictment is incorporated herein as if fully restated.

2. It was further a part of the scheme that the Defendant, in connection with his application for a $300,000 line of credit increase, presented Manheim Automotive Financial Services, Inc., with what he purported to be his truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005 and 2006; and what he purported to be the truthful, accurate and filed U.S. Returns of Partnership Income, Forms 1065, of Liberty for the years 2005 and 2006, when in fact each of these returns overstated income, contained false items, and in fact none had actually been filed with the Internal Revenue Service.

3. It was further a part of the scheme that Defendant presented Manheim Automotive Financial Services, Inc., with what he purported to be the truthful, accurate and filed U.S. individual income tax returns, Forms 1040, for the years 2005 and 2006 of a person known to the Grand Jury, but identified herein only as L.G. which in fact were not the truthful, accurate and filed U.S. individual income tax returns of L.G.

10

4. On or about the date listed below, for the Count listed below, in the Western District of Texas and elsewhere, the Defendant,

MARCUS A. GARZA,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each Count, each transmission constituting a separate Count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Twenty-six | July 18, 2007 | Communication of $42,092.21 purchase from Texas to Georgia |
| Twenty-seven | July 18, 2007 | Communication of $29,600.07 purchase from Texas to Georgia |
| Twenty-eight | September 26, 2007 | Communication of $31,970.59 purchase from Texas to Georgia |
| Twenty-nine | September 26, 2007 | Communication of $26,335.00 purchase from Texas to Georgia |
| Thirty | November 7, 2007 | Communication of $22,360.73 purchase from Texas to Georgia |
| Thirty-one | November 29, 2007 | Communication of $21,149.37 purchase from Texas to Georgia |
| Thirty-two | January 23, 2008 | Communication of $25,703.58 purchase from Texas to Georgia |
| Thirty-three | January 23, 2008 | Communication of $22,329.45 purchase from Texas to Georgia |

All in violation of Title 18, United States Code, § 1343.

<u>COUNT THIRTY-FOUR</u>
[26 U.S.C. § 7203]

During the calendar year 2005, the Defendant,

MARCUS A. GARZA,

who was a resident of San Antonio, Texas, had and received gross income in excess of $8,200.00. By reason of such gross income, he was required by law, following the close of the calendar year 2005, and on or before April 17, 2006, to make an income tax return to the Internal Revenue Service Center at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at San Antonio, Texas, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 17, 2006, in the Western District of Texas and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, § 7203.

COUNT THIRTY-FIVE
[26 U.S.C. § 7203]

During the calendar year 2006, the Defendant,

MARCUS A. GARZA,

who was a resident of San Antonio, Texas, had and received gross income in excess of $8,400.00. By reason of such gross income, he was required by law, following the close of the calendar year 2006, and on or before April 16, 2007, to make an income tax return to the Internal Revenue Service Center at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at San Antonio, Texas, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 16, 2007, in the Western

District of Texas and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, § 7203.

## UNITED STATES OF AMERICA'S NOTICE OF DEMAND FOR FORFEITURE

### I.
### Bank Fraud and Wire Fraud Violations and Forfeiture Statute
[Title 18 U.S.C. §§ 1343 and 1344, subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(2)(A). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations set forth in Counts One through Thirty-Three, which are punishable by imprisonment for more than one year, the Defendant MARCUS GARZA shall forfeit any and all of his right, title, and interest in the below described property to the United States pursuant to Title 18 U.S.C. § 982(a)(2)(A), which states the following:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> (a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate-
> > (A) section . . . 1343, or 1344 of this title, affecting a financial institution . . . .
> > . . . .
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

### II.
### Money Judgment

As a result of the foregoing criminal violations set forth in Counts One through Thirty-Three, Defendant MARCUS GARZA shall forfeit to the United States pursuant to Title 18 U.S.C. § 982(a)(2)(A) the following described Money Judgment:

A sum of money equal to Four Million Dollars and No Cents ($4,000,000.00), which represents the amount of proceeds obtained directly or indirectly as a result of the violations set out in the above-described Counts and for which Defendant MARCUS GARZA is liable.

### III.
### Substitute Assets

If the money judgment described above as being subject to forfeiture for violations of Title 18 U.S.C. §§ 1343 and 1344, and pursuant to Title 18 U.S.C. § 982(a)(2)(A), as a result of any act or omission of Defendant MARCUS GARZA:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America to seek forfeiture of any other property owned by said Defendant, up to the value of the money judgment, pursuant to Title 21 U.S.C. § 853(p). *See* Fed. R. Crim. P. 32.2.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

ROBERT PITMAN
United States Attorney

By: _____
WILLIAM R. HARRIS
Assistant United States Attorney