IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CR. NO. 5:12-CR-323 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MARCUS A. GARZA, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) DENYING MOTION FOR RECONSIDERATION AND
(2) DENYING MOTION FOR RELEASE PENDING APPEAL

Before the Court is a Motion for Reconsideration filed by Defendant Marcus A. Garza ("Defendant") asking that the Court reconsider its judgment sentencing Defendant to 30 months of imprisonment (Dkt. # 95). Also before the Court is Defendant's Motion to Stay Execution of Sentence Pending Appellate Review (Dkt. # 106). After careful consideration of the opposing and supporting memorandum, and for the reasons that follow, the Court **DENIES** Defendant's Motion for Reconsideration and **DENIES** Defendant's Motion to Stay Execution of Sentence Pending Appellate Review.

BACKGROUND

On March 24, 2014, Defendant pled guilty to Bank Fraud in violation of 18 U.S.C. § 1344 and Failure to File Tax Returns in violation of 26 U.S.C. § 7203 (Counts 1 and 35 of a 35-count indictment). (Dkt. # 65.) The factual basis

for the plea states that Defendant presented fraudulent tax returns to Wells Fargo Home Mortgage and Wells Fargo Bank in connection with a 2005 mortgage loan application, and willfully failed to file an individual income tax return for the year 2006.  (Dkt. # 53 at 6–7.)  Defendant's plea was made pursuant to a Plea Agreement whereby he agreed to plead guilty, to cooperate with the U.S. Attorney's Office in paying restitution for his offense, and to waive his right to appeal his conviction or sentence unless the sentence imposed was greater than the maximum authorized by statute.  (Id. at 1–4.)

      At Defendant's sentencing hearing on April 20, 2015, the Court sentenced Defendant to 30 months imprisonment as to Count 1 and 12 months imprisonment as to Count 35, to run concurrently.[1]  (Dkt. # 92.)  At the hearing, counsel for Defendant objected to the calculated amount of loss, arguing that the amount should be zero because it was not reasonably foreseeable that Defendant would be unable repay the fraudulently obtained loans given his good prior credit history.  The Court overruled the objection, finding that Defendant was aware of the substantial likelihood that he would be unable to repay the loans given his financial difficulties and his inability to obtain the loans without resorting to fraud.  The Court's Judgment was entered on April 22, 2015.  (Id.)

---

[1] The 30 month sentence imposed as to Count 1 reflects a downward variance granted by the Court from the Guidelines range of 46 to 57 months.

On April 30, 2015, Defendant filed the instant Motion for Reconsideration of Sentence, again arguing that the loss calculation for purposes of sentencing should have been zero.  (Dkt. # 95.)  The Government filed a Response in opposition on May 20, 2015.  (Dkt. #100.)  After receiving an extension of the time to file an appeal,[2] but before the Court had ruled on Defendant's Motion for Reconsideration, Defendant filed a Notice of Appeal on June 3, 2015.  (Dkt. # 102.)

On June 30, 2015, Defendant filed the instant Motion to Stay Execution of Sentence Pending Appellate Review.  (Dkt. # 106.)  The Government filed a Response in opposition on the same date.  (Dkt. # 107.)

## DISCUSSION

I.  Motion for Reconsideration

While motions for reconsideration are not explicitly provided for under the Federal Rules of Criminal Procedure, they have been recognized as a legitimate procedural device by the Fifth Circuit.  See United States v. Cook, 670

---

[2] The Court's grant of Defendant's Motion to Extend Time to File Appeal (Dkt. # 97) in no way vitiated Defendant's waiver of his right to appeal pursuant to the plea agreement.  The Court apprised Defendant that he had waived his right to appeal at the sentencing hearing.  (Dkt. # 99 at 56:17–21.)  The Motion to Extend Time did not state Defendant's grounds for appeal, which potentially could have raised issues not subject to the waiver.  See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that a waiver of right to appeal does not bar a claim that the waiver, or the plea agreement of which it is a part, was unknowing or involuntary).  There is thus no implication that the Court's grant of an extension of time to file the notice of appeal reinstated Defendant's right to appeal.

F.2d 46, 48 (5th Cir. 1982).  Such petitions for rehearing of orders affecting final judgment are timely if filed within the period for noticing an appeal.  Id.  Under Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal must be filed within 14 days after the entry of judgment or the order being appealed.  Fed. R. App. P. 4(b)(1)(A)(i).  Defendant's Motion for Reconsideration of Sentence was filed eight days after the Court's entry of judgment, and was therefore timely.

On June 3, 2015, Defense counsel filed a notice of appeal before the Court had ruled on Defendant's Motion for Reconsideration.  (Dkt. # 102.)  In general, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also, e.g., Weingarten Realty Investors v. Miller, 661 F.3d 904, 908 (5th Cir. 2011).  However, the filing of a notice of appeal does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), and the Court thus retains jurisdiction to correct Defendant's sentence under that Rule.  Fed. R. App. P. 4(b)(5).

The Court's ability to modify a term of imprisonment once imposed is limited to the specific circumstances enumerated by Congress in 18 U.S.C. § 3582. United States v. Meza, 620 F.3d 505, 507 (5th Cir. 2010).  Under § 3582(c), a court may not modify a term of imprisonment once it has been imposed except

4

(1) under certain circumstances, upon motion of the Director of the Bureau of Prisons, (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) in cases where the applicable sentencing range has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).  Of these alternatives, Rule 35 is the only potential basis for modification of Defendant's sentence here.

Rule 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[3]  The Drafters of Rule 35 "intended the scope of a district court's authority to be very narrow and extend only to those cases in which an obvious error mistake has occurred in the sentence." United States v. Ross, 557 F.3d 237, 239 (5th Cir. 2009).  In the notes to the 1991 amendments, the Advisory Committee specifically provided that:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment.  The Advisory Committee further specified that a court's authority to modify a sentence

---

[3] Subsection (b), which allows for modification of a sentence upon motion by the Government for rendering substantial assistance, is not relevant here.

must be exercised within the "stringent time requirement" provided under the rule. Id.; see also United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014).

The Court first notes that Defendant's sentence was entered on April 22, 2015, and the Court is therefore no longer able to modify his sentence within the 14-day time limit set by Rule 35.[4]  Even if the 14-day period had not elapsed, however, Defendant has shown no clear error that would support modifying the sentence imposed.  As stated above, Defendant's Motion simply restates the arguments regarding the proper loss amounts made by defense counsel at Defendant's sentencing hearing.  The Court considered and rejected these arguments on the record during the hearing.  A Rule 35(a) motion does not allow the Court "to reconsider the application or interpretation of the sentencing guidelines" or "to change its mind about the appropriateness of the sentence"; nor does it allow a defendant "to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion." Ross, 557 F.3d at 240–41 (quoting Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment).  The Court is without authority to modify Defendant's sentence, and therefore **DENIES** Defendant's Motion for Reconsideration of Sentence (Dkt. # 95).

II.     Motion for Release Pending Appeal

---

[4] Remarkably, despite Defendant's citation of Rule 35 as the basis for his Motion for Reconsideration, neither Defendant's Motion nor the Government's Response included discussion of the time limit imposed by Rule 35(a) or any other part of the Rule 35 standard for modifying a sentence.

Defendant has also asked to be allowed to remain free on bond pending the resolution of his appeal. (Dkt. # 106.) Under 18 U.S.C. § 3143(b), the Court must order a convicted criminal defendant sentenced to a term of imprisonment, and who has filed an appeal, be detained unless it finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). A "substantial question of law or fact" is one that "raises a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985). Such doubt may be raised because the question has not been addressed by controlling precedent, or otherwise be one "that very well could be decided the other way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). The Fifth Circuit has interpreted the language "likely to result in" to mean that if the substantial question is determined favorably to the defendant on appeal, that decision will more probably than not result in reversal, an order for a new trial, or one of the other alternatives provided under the statute. See id. at 1025.

First, the Court notes that Defendant waived his right to appeal his sentence "on any ground, except in a case where the sentence imposed is greater

7

than the maximum authorized by statute."  (Dkt. # 53 at 3.)  Not only was the sentence imposed less than the statutory maximum, but it was also less than the applicable Guidelines range.  The Court therefore finds it highly unlikely that any question raised by Defendant on appeal, whether substantial or otherwise, will result in anything other than dismissal by the appeals court.  <u>See, e.g.</u>, <u>United States v. Hutson</u>, 12 F.3d 1099 (5th Cir. 1993) (non-precedential) (dismissing criminal defendant's appeal upon determining that the defendant's waiver of his right to appeal was informed and voluntary).

Second, even absent the waiver, the Court finds that Defendant's appeal raises no substantial issue of law or fact.  Defendant asserts that "[t]here are gross inaccuracies and errors as to the actual loss amounts provided by the government, which in turn were used to calculate the sentence."  (Dkt. # 106 ¶ 3.)  Defendant argues that the loss amounts "do not include payments that were satisfied prior to indictment of Defendant," and also do not include "sales proceeds on recovered collateral/real property by creditors."  (<u>Id.</u>)  Under the Sentencing Guidelines, credit against loss may only be given for money returned by the defendant to the victim <u>before the offense is detected</u>, not for money returned prior to being formally charged with a crime.  U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(E).  While it is true that the amount a victim recovers through disposition of collateral pledged by the defendant, or the fair market value of the

8

collateral if the victim has not yet disposed of it, id. § 2B1.1 cmt. n.3(E)(ii) & (iii), Defendant has not submitted evidence that raises a substantial question as to the calculation of the loss amounts used at sentencing. The submitted evidence has not been authenticated, and further fails to identify which entities held what collateral, whether the collateral was disposed of at the time of sentencing or the date of Defendant's guilty plea, or the disposition or fair market value of such collateral.

The Court therefore finds that Defendant's appeal does not raise a substantial issue of either law or fact as to the calculation of the loss amount. Because Defendant has not met all of the requirements of § 3143(b), the Court **DENIES** Defendant's Motion to Stay Execution of Sentence Pending Appellate Review (Dkt. #106).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reconsideration (Dkt. # 95) and **DENIES** Defendant's Motion to Stay Execution of Sentence Pending Appellate Review (Dkt. # 106).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge