UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ‖ | |
| v. | ‖ | CRIMINAL NO. SA 12 CR 323 DAE |
| MARCUS A. GARZA | ‖ | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO RECONSIDER MOTION TO WITHDRAW GUILTY PLEA

TO THE HONORABLE DAVID A. EZRA, SENIOR UNITED STATES DISTRICT JUDGE:

COMES NOW the United States of America, by and through its undersigned counsel, and in opposing the instant Motion states as follows:

Reconsideration of this honorable Court's Order denying the Defendant's Motion to Withdraw his guilty plea is not merited, primarily for all the reasons stated by the Court in the Order. The instant Motion once again calls into question whether the Defendant had effective assistance of counsel. In support, the Motion has five attachments, three of which appear to be e-mail communication between the Defendant's prior counsel, Jason Galvan, and the undersigned; and two of which appear to be e-mail communication between Attorney Galvan and the Defendant. The Motion states that these show that Attorney Galvan was unknowledgeable with regard to the Guidelines, and that both he and the undersigned provided incorrect information to the Defendant, upon which the Defendant unwittingly relied, thereby rendering his guilty plea "unknowing." Specifically as to the latter allegation, as stated in the Motion:

> AUSA Harris gives erroneous advice, as he omits the 7---level "starting point" required of Section 2B1.1(a)(1) of the sentencing guidelines, which, when added to the 12---level upward adjustment corresponding to the "$311K" loss amount, would result in an "adjusted total offense level" of 19, rather than the "12" levels that AUSA Harris concludes, and an ultimate base offense level 16, rather than "9" that AUSA Harris

concludes. Of course, base offense level 16 would place Mr. Garza in Zone D (which does not allow for a sentence of probation), rather than the Zone B that AUSA Harris predicted.

The only problem is, the e-mail which appears as Defendant's Attachment D, as well as the E-mail appearing as Attachment C, which precipitated it, is taken out of context. More disturbingly, both have been significantly altered from the original, and were subsequently used by the defense as an attachment to the instant Motion. The original e-mail correspondence between the undersigned and Attorney Galvan, from which Attachments A, C, and D to the instant Motion have been taken, is attached to this filing.

A comparison of Attachment C to the version contained within the attachment to this filing shows that a critical line of text has been deleted. In the original, the e-mail altered to be Attachment C reads as follows:

> Bill,
>
> Marcus Garza would like me to ask you where you believe he stands on the Federal Sentencing guideline recommendation chart based on Crestridge-----which is about $311k.
>
> He also would like to state that this is his parents home from which he refinanced in order to help them out. He also paid the monthly payment for them.
>
> ***I already advised him that this is legally irrelevant. Nonetheless, he is asking the above question.***
>
> Thanks,
>
> Jason

(Emphasis added.) The bolded, italicized portion is the part which has been removed from Attachment C. As an aside, the United States notes that the fact that it is the Defendant himself who is asking that the undersigned provide a calculation based on the loss amount for Count One, standing alone, puts the lie to various assertions in his sworn affidavit in support of his

Motion to Withdraw Guilty Plea (Document 120-1), particularly that "[m]y attorney failed to understand and advise me of the importance of relevant conduct to my potential sentence . . . ." (Document 120-1, p.2).

The alteration of Attachment D is far more extensive. In Attachment D, the undersigned appears to have written:

> Jason,
>
> On Crestridge, without any "relevant conduct" added in, I'd estimate the following:
>
> Base level
> $311K loss      +      <u>12</u>
>
> Adjusted total
>
> Acceptance    -      <u> 3</u>
>
> Total                      9      =      4 to 10 months.
>
> The plea agreement allows you to argue for this, with a further downward variance.
>
> I'm well aware that this was his parents' house which he refinanced.

The actual e-mail, however, reads as follows:

> Jason,
>
> Were it only Crestridge, without any "relevant conduct" added in, I'd estimate the following:
>
> Base level                    7
> $311K loss       +      <u>12</u>
>
> Adjusted total           19
>
> Acceptance     -       <u> 3</u>
>
> Total                       16      =      21-27 months.
>
> The plea agreement allows you to argue for this, with a further downward variance. Please be advised, though, that I will be arguing that relevant conduct should be included resulting in the loss amount being more than $1.5 million.

3

> I'm well aware that this was his parents' house which he refinanced. And while putting on the loan application that he was buying it as "investment" is not false, quite a few other items were.
>
> Please let me know if you/he have any other questions.
>
> Bill

This is a very different answer than that falsely altered to be Attachment D to the instant Motion. Again, as an aside, it is clear that relevant conduct beyond a loss limited to Count One standing alone is being discussed, with the Defendant as an active, involved participant to those discussions thereby putting the lie to his assertions he didn't know the possible consequences of his plea.

    Placed in context of the full chain of correspondence between the undersigned and Attorney Galvan in the attachment to this filing, which is just one of many such exchanges, it is evident that Attorney Galvan did indeed have sufficient knowledge of the operation of the Sentence Guidelines to provide effective assistance of counsel, and that he had discussed such with the Defendant. Further, that exchange further contextualizes Attachments B & E to the instant Motion, the e-mail exchanges between the Defendant and Attorney Galvan. As the Indictment charged numerous counts which carry a 30 year statutory maximum (bank fraud), and many more counts which carry a 20 year maximum (wire fraud), plus a couple of misdemeanors (willful failure to file tax returns), the information being conveyed by Attorney Galvan is no different than the admonishments at the initial appearance, in the plea agreement, and at the rearraignment. No one can predict what the Hon. Orlando Garcia might have done in sentencing the Defendant following multi guilty verdicts at trial on a $1.5 million loss. Judge Garcia has more than once stated in open court "I see a difference [in sentencing] between crimes of need and crimes of greed." The Defendant's crimes are clearly the latter. Fears of a harsh sentence was not unreasonable.

In view of the foregoing, the Defendant's assertions of ineffective assistance of counsel by Attorney Galvan fails. It does not merit reconsideration of this Court's ruling.

Finally, in reviewing the attachment to this filing and other contemporaneous e-mail correspondence between the undersigned and Attorney Galvan, it is evident that Attorney Galvan was not the only attorney counseling the Defendant in the days preceding his decision to plead guilty. In the attachment to this filing, Attorney Galvan wrote to the undersigned that "I forwarded the formal plea agreement to Mr. Garza and he really wants to meet with me or my partner so that I can discuss all the terms to him. *I'm having my partner do so today*." (Emphasis added.) Also another contemporaneous e-mail to the undersigned states "Marcus is conferring with Dennis Kainen, our consultant from Miami. He's a great guy and great defense attorney." The undersigned is familiar with Mr. Kainen. Mr. Kainen is a Martindale-Hubbel A-V rated attorney, frequent seminar speaker and guest lecturer, who is widely published, and who formerly served as both the Federal Public Defender and an Assistant Federal Public Defender for the Southern District of Florida. Clearly the Defendant had effective assistance of counsel.

In view of the foregoing, the instant Motion for Reconsideration should be denied.

          Respectfully submitted,

          RICHARD L. DURBIN, JR.
          United States Attorney


          _____/s/_____
          WILLIAM R. HARRIS
          Assistant United States Attorney
          Ohio State Bar No. 0017818
          601 N.W. Loop 410, Suite 600
          San Antonio, Texas 78216-5597
          (210) 384-7025
          (210) 384-7028 FAX
          Bill.Harris@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June 2016, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael W. McCrum, Esquire
700 North St. Mary's Street, Suite 1900
San Antonio, TX 78205
michael@mccrumlegal.com

                                                /s/
                                      WILLIAM R. HARRIS
                                      Assistant United States Attorney

# Harris, Bill (USATXW)

**From:** Harris, Bill (USATXW)
**Sent:** Tuesday, January 07, 2014 3:34 PM
**To:** 'Jason Galvan'
**Subject:** RE: Garza

Jason,

Were it only Crestridge, without any "relevant conduct" added in, I'd estimate the following:

| | | |
|---|---|---|
| Base level | | 7 |
| $311K loss | + | 12 |
| Adjusted total | | 19 |
| Acceptance | - | 3 |
| Total | | 16 = 21-27 months. |

The plea agreement allows you to argue for this, with a further downward variance. Please be advised, though, that I will be arguing that relevant conduct should be included resulting in the loss amount being more than $1.5 million.

I'm well aware that this was his parents' house which he refinanced. And while putting on the loan application that he was buying it as "investment" is not false, quite a few other items were.

Please let me know if you/he have any other questions.

Bill

**From:** Jason Galvan [mailto:galvanlaw@yahoo.com]
**Sent:** Tuesday, January 07, 2014 3:13 PM
**To:** Harris, Bill (USATXW)
**Subject:** Re: Garza

Bill,

Marcus Garza would like me to ask you where you believe he stands on the Federal Sentencing guideline recommendation chart based on Crestridge-----which is about $311k.

He also would like to state that this is his parents home from which he refinanced in order to help them out. He also paid the monthly payment for them.

I already advised him that this is legally irrelevant. Nonetheless, he is asking the above question.

Thanks,

Jason

1

Law Office of Jason Galvan
924 McCullough
San Antonio, Texas 78215
Ph. 210.927.3412 ext 107
Fax 210.921.0430
Cell 210.556.9894

On Jan 7, 2014, at 12:23 PM, "Harris, Bill (USATXW)" <Bill.Harris@usdoj.gov> wrote:

> Yes, but no later than that.
>
> **From:** Jason Galvan [mailto:galvanlaw@yahoo.com]
> **Sent:** Tuesday, January 07, 2014 12:05 PM
> **To:** Harris, Bill (USATXW)
> **Subject:** Re: Garza
>
> Bill,
>
> I forwarded the formal plea agreement to Mr. Garza and he really wants to meet with me or my partner so that I can discuss all the terms to him. I'm having my partner do so today.
>
> Can we have until tomorrow at noon so that he may have time to properly absorb all the terms and fully understand them?
>
> Best,
>
> Jason
>
> Law Office of Jason Galvan
> 924 McCullough
> San Antonio, Texas 78215
> Ph. 210.927.3412 ext 107
> Fax 210.921.0430
> Cell 210.556.9894
>
> On Jan 6, 2014, at 5:32 PM, "Harris, Bill (USATXW)" <Bill.Harris@usdoj.gov> wrote:
>
>> Jason,
>>
>> Here is a formal plea agreement for your review encompassing the terms we've discussed via e-mail.
>>
>> Bill
>>
>> **From:** Jason Galvan [mailto:galvanlaw@yahoo.com]
>> **Sent:** Monday, January 06, 2014 12:50 PM
>> **To:** Harris, Bill (USATXW)
>> **Subject:** Re: Garza

2

Bill,

Thank you for the offer and for the quick response. I think we will have an agreement as long as Mr. Garza can argue the fraud amount. I am awaiting a response from Mr. Garza. I will keep you posted.

Best,

Jason

On Monday, January 6, 2014 12:07 PM, "Harris, Bill (USATXW)" <Bill.Harris@usdoj.gov> wrote:
Jason,

Based on a loss of more than $1.5 million, with 3 levels for acceptance the rage is 46-57 months. Thus, 46.

Please let me know no later than tomorrow. Offer will be revoked if not accepted tomorrow.

Judge Garcia's practice is to refer all guilty pleas to a magistrate. If we notify Jessica that we have a plea agreement by tomorrow, she will refer it to a magistrate who will then schedule us, so I don't know exactly when it would be.

Thanks,

Bill

-----Original Message-----
From: Jason Galvan [mailto:galvanlaw@yahoo.com]
Sent: Monday, January 06, 2014 12:00 PM
To: Harris, Bill (USATXW)
Subject: Re: Garza

Bill,

Thank you for the offer. Let me relay this to Mr. Garza. I don't have my federal guideline book with me and the Internet connection is horrible here.

Based on a plea to count one, with acceptance, and a recommendation to the lower end, assuming what you feel is the fraud amount, what would be the approximate number of months in federal prison? Any idea.

Thanks and I will let you know no later than tomorrow. Is this fine?

I do expect Mr. Garza to take the plea. If this is the case, would we take the plea next Monday or this Thursday?

Sorry for all the questions and I appreciate your sincere guidance and efforts on this matter.

Best,

Jason


Law Office of Jason Galvan
924 McCullough
San Antonio, Texas 78215
Ph. 210.927.3412 ext 107
Fax 210.921.0430
Cell 210.556.9894

On Jan 6, 2014, at 11:35 AM, "Harris, Bill (USATXW)" <Bill.Harris@usdoj.gov> wrote:

> Jason,
>
> The offer is: Mr. Garza pleads guilty to Counts One and Thirty-five. The government agrees to a 3-level reduction for acceptance of responsibility (so long as he indeed acknowledges guilt, including the factual basis, and does not attempt to withdraw his plea), and will recommend that the Court sentence him to the low end of the guideline range the Court determines to be applicable. The 3rd-level, however, will not be recommended by me if I do have to start gearing up for trial in the next few days. Both sides are free to argue what the loss amount for guideline calculations, restitution, and forfeiture are. You are free to argue for probation, but the United States is not going to agree to it.
>
> Sentencing is usually no sooner than 60 days after a guilty plea.
>
> Please let me know.
>
> Thanks,
>
> Bill
>
> -----Original Message-----
> From: Jason Galvan [mailto:galvanlaw@yahoo.com]
> Sent: Monday, January 06, 2014 10:49 AM
> To: Harris, Bill (USATXW)
> Subject: Re: Garza
>
>
> Bill,
>
> Robert is Wayne Cooperman's son. I've met with Mr. Garza on three occasions last week trying to resolve his questions and explain to him

4

what evidence is on hand.
>
> My main concern on this case is that after reviewing every offered piece of evidence by the government, to include the altered bank statement, I believe going to trial opens up my client to a severe risk of going to prison for a very long time.
>
> I'm sorry if it appeared I backed off working with you. The truth is I was working with Mr. Garza to see if there was any evidence that I simply had not reviewed or that would somehow indicate his innocence.
>
> I agree with what you have said. I don't want you to miss any visits with family. A trial under these facts and circumstances is not good for any of us, to include my client.
>
> We need to work together and this week then to hammer out an acceptable agreement.
>
> I understand the nature of the charges against Mr. Garza, but I think it is important to note that even if he allegedly committed bank fraud, he never did so without the intent on repaying the institutions back. Mr. Garza does not fall in line with those individuals who commit bank fraud as have no intent on repaying the bank.
>
> This said, I do have a question for you. If Mr. Garza enters a plea of guilty to count one, is there anything Mr. Garza can do to receive a more favorable recommendation at sentencing from the government?
>
> If Mr. Garza pleas on count one, about how long do you think Judge Garcia will give to schedule the sentencing hearing??
>
> Is there any possibility of probation for Mr. Garza in this case or a recommendation of such ?
>
> Best,
>
> Jason Galvan
>
> Law Office of Jason Galvan
> 924 McCullough
> San Antonio, Texas 78215
> Ph. 210.927.3412 ext 107
> Fax 210.921.0430
> Cell 210.556.9894
>
> On Jan 6, 2014, at 10:28 AM, "Harris, Bill (USATXW)" <Bill.Harris@usdoj.gov> wrote:
>
>> Jason,
>>
>> I have no idea who Robert is. All I know is you've been talking about

5

talking about resolving this case for years, only to back off once a continuance is granted. "My client has raised some significant questions" which you say you'll send me, then you don't. "My client asserts his innocence." "My client believes he's being singled out." "Not all of this amount is fraud." Etc. This has been going on since before the indictment, before I even had this case, as you were promising a presentation to Jim Blankinship to work out the loss/restitution amount, which never came to pass. In fairness, you did provide me with your private investigator's report, nearly every assertion of which we have refuted based on subsequent witness interview.
>>
>> Some bottom lines: this is a very straightforward case. Your client obtained loans based on the false representation that what he was presenting was copies of actual filed tax returns, which he knew was false. Each lender says that was a material misrepresentation. Bank/wire fraud elements met. In fact, he had not filed tax returns despite sufficient income to require him to do so, all of which was known to him. Failure to file elements met. And I believe Judge Garcia has lost patience with us both. Judges do not like to have cases lingering on their dockets. Apparently you are not the only one who " never expected this case to make it into the New Year."
>>
>> Quite frankly, I'm not too happy about the prospect of going to trial next Monday either. Professionally, I have to drop just about everything to try to be prepared for trial. Personally, I'm going to have to cancel a trip to see my daughter, an Air Force officer who has just returned from Afghanistan, and face the wrath of my wife in the process.
>>
>> Safe travels.
>>
>> Bill
>>
>> -----Original Message-----
>> From: Jason Galvan [mailto:galvanlaw@yahoo.com]
>> Sent: Monday, January 06, 2014 10:14 AM
>> To: Harris, Bill (USATXW)
>> Subject: Flights Home
>>
>>
>> Bill,
>>
>> I think I may have to start driving to SA today. I just checked United, the most reliable carrier here, and there are no seats available to return on Wednesday. The only flight available leaves Thursday, it's an all day flight, and cost $1612 for a one way ticket.
>>
>> In my heart I know that the judge has been more than lenient in this case. So have you. Many people, from clients to people on the ground here in Managua have made sacrifices to help Mr. Cooperman stay alive in Modelo and also to fight these bogus charges. But the Nicaraguan criminal system has taken to long, despite all efforts to expedite it.

6

\>\>
\>\> Everyone here looks to me for direction. I have a ton of pressure on me to perform and get results. At the moment Wayne is dealing with a severe prostate issue, and despite the important meetings this week, I'm trying to get him a homemade all plastic chair so he can humanely use the restroom.
\>\>
\>\> I never expected this case to make it into the New Year. What hurts the most is that we are near the end. It's not time to give up the fight to free this man. It's time to buckle down and focus.
\>\>
\>\> I'm sorry for typing away. I'm trying to realize a solution as I'm writing this correspondence.
\>\>
\>\> Maybe if Robert calls the judge he can have an effect on the judge?
\>\>
\>\> Jason
\>\>
\>\> Law Office of Jason Galvan
\>\> 924 McCullough
\>\> San Antonio, Texas 78215
\>\> Ph. 210.927.3412 ext 107
\>\> Fax 210.921.0430
\>\> Cell 210.556.9894