**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CASE NO. SA: 12-CR-00323 DAE |
| | § | |
| MARCUS A. GARZA | § | |
| | § | |

**DEFENDANT'S REPLY Re:**
**DEFENDANT'S MOTION TO RECONSIDER MOTION TO WITHDRAW GUILTY PLEA &**
**REQUEST FOR TIME TO INVESTIGATE E-MAIL COMMUNICATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARCUS A. GARZA, Defendant in the above-referenced cause, and submits this Reply to the Government's Response to the Defendant's Motion to Reconsider Motion to Withdraw Guilty Plea, and also requests that this Court defer ruling on Defendant's motion for two weeks to allow time for independent forensic analysis of emails, and in support thereof submits the following:

I.

After a motions hearing on May 19, 2016, this Court denied by written order Defendant's Motion to Withdraw Plea of Guilty on May 31, 2016. *See* Docket No. 123. That same day, Defendant filed a Motion to Reconsider Motion to Withdraw Plea. *See* Docket No. 124. Included in Defendant's Motion to Reconsider were attachments that reflected e-mail communications that purportedly occurred between Defendant's former counsel, Jason Galvan, and counsel for the Government, AUSA William Harris. *See id*.

The Government subsequently filed a response, urging the Court to deny Defendant's motion *See* Docket No. 127. Included in the Government's response are e-mail communications, reflecting AUSA Harris' copies of the same communications included in

Defendant's original Motion to Reconsider. *See id*.

Upon reading the Government's response, undersigned counsel became aware, for the first time, that the e-mail communications that attorney Galvan previously delivered to Defendant (and which Defendant furnished to the undersigned counsel) were not an accurate depiction of the actual correspondence between attorney Galvan and AUSA Harris. Defendant Garza appreciates AUSA Harris attaching such emails, as they provide direct proof of the egregious conduct committed by attorney Galvan in his representation of Defendant Garza prior to Garza's plea of guilty. Indeed, as AUSA Harris points out in the Government's response, the communications appear to have been "significantly altered from the original" and that in at least one e-mail, a "critical line of text has been deleted." *See* Government's Response, Docket No. 127 at 2. AUSA Harris acknowledges in the Government's response that attorney Galvan may have significantly altered his (Harris') e-mail response, concealing not only the limitation of "were it only Crestridge" (going directly to heart of the issue as to relevant conduct considerations), but also omitting, among other things, a material part of the calculation that forms the basis of the estimated guidelines range applicable in this case. *See Id*. At 3-4. Actually, AUSA Harris identifies the fraud committed upon Defendant Garza by his trial counsel, which directly led to Defendant Garza's ill-founded decision to plead guilty. Defendant Garza did not know that his trial attorney's counsel and advice were based on the attorney's fraudulent manipulation of key statements made by the prosecutor. The only conceivable reason for attorney Galvan to manipulate the emails he had received from AUSA Harris was to perpetuate his erroneous and fraudulent advice to Defendant Garza that Garza was looking at a sentence of probation if he pled guilty. As shown by the emails graciously provided by AUSA Harris, the actual emails sent by AUSA Harris would have conveyed that

2

Garza was still looking at a sentence of probation, and that conduct in excess of the count of conviction was to be factored into the sentencing assessment. Indeed, Defendant Garza relied upon attorney Galvan's fraudulent representations, rendering his plea of guilty "unknowing" and "involuntary."

The events that have unfolded as a result of AUSA Harris' disclosure today provide understanding as to another email exchanged between Defendant Garza and attorney Galvan, where Garza questioned Galvan whether Galvan was deleting portions of Harris' emails that Galvan was forwarding. Defendant Galvan refuted the suggestion, but AUSA Harris' disclosure now demonstrates that Galvan was indeed painting a false picture for Defendant Garza through Galvan's misrepresentations and fraud. Attorney Galvan was not prepared to proceed to trial, and was doing anything and everything to convince Garza to plead guilty . . . even to the point of secretly manipulating the prosecutor's email communications.

II.

Defendant and undersigned counsel anticipate that the Court will want independent evidence of the fraud committed upon Defendant. In light of the revelations contained in the Government's response, Defendant respectfully asks that this court refrain from ruling on the Motion to Reconsider Motion to Withdraw Plea for two (2) weeks. Defendant and counsel have immediately begun the process of securing an independent computer expert to examine the on-line computer server that contains the e-mails sent to Defendant Garza by his attorney, Jason Galvan, in order to verify that the emails attached as exhibits to Defendant's Motion (i.e., the emails that purportedly had been sent from AUSA Harris to attorney Galvan) had been fraudulently altered by attorney Galvan prior to sending to Defendant Garza. Attorney Galvan's intentional, fraudulent conduct is egregious, and it went to the heart of Defendant

Garza's decision to plead guilty. This is critical to Defendant's pending motion for reconsideration.

Defendant Garza requests that the Court defer ruling on Defendant's motion for two weeks, and to instruct the U.S. Marshal's Service to refrain from transferring Defendant away from San Antonio while this motion remains pending. Undersigned counsel needs Defendant Garza present as this issue is resolved, in order to discuss the meaning of other emails and discuss the progress of the forensic review. Proof of attorney Galvan's fraud would be, by definition, ineffective assistance of counsel, rendering Garza's plea unknowing and involuntary.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that before ruling on Defendant's Motion to Reconsider, this Court allow Defendant two (2) weeks to employ an independent computer expert to examine the e-mail communications sent by attorney Galvan to Defendant, to instruct the U.S. Marshal's Service to not transfer Defendant from the San Antonio area until the pending motion is resolved, and for such other relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Michael McCrum
Michael McCrum
MCCRUM LAW OFFICE
404 E. Ramsey, Suite 102
San Antonio, TX 78216
(210) 225-2285

<u>Certificate of Service</u>

I hereby certify that a copy of the above and foregoing Reply re: Motion Reconsider Defendant's Motion to Withdraw Plea has been filed electronically on this the 2nd day of June 2016 and a copy sent to the United States Attorney's Office, and all other counsel through the court's electronic filing system.

                    /s/   Michael McCrum
                          Michael McCrum

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **VS.** | § § | **CASE NO. SA: 12-CR-00323 DAE** |
| **MARCUS A. GARZA** | § § § | |

## ORDER

THIS MATTER having come before the Court on the Defendant's Motion to Reconsider Defendant's Motion to Withdraw Plea and Request for Time to Investigate E-mail Communications filed by Defendant Marcus A. Garza, the Court finds the requested relief is appropriate.

IT IS HEREBY ORDERED that the Court will defer ruling on Defendant's motion for a period of two weeks, and Defendant will be allowed two (2) weeks to employ the services of an independent computer expert to investigate e-mail communications between Defendant and attorney Galvan,

IT IS FURTHER ORDERED that the U.S. Marshal's Service is ordered to not transfer Defendant Garza from the San Antonio area until further order of this Court.

SIGNED AND ENTERED, on this the \_\_\_\_ day of _____, 2016.

_____
DAVID EZRA
SENIOR UNITED STATES DISTRICT JUDGE