IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 5:12-CR-00323-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MARCUS GARZA, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR RELEASE PENDING APPEAL

Before the Court is Defendant Marcus Garza's Motion for Release Pending Appeal. (Dkt. # 135.) After careful consideration, the Court **DENIES** Defendant's Motion (Dkt. # 135.)

BACKGROUND

On April 4, 2012, the United States filed a 35-count indictment against Garza alleging <u>inter alia</u> that he committed bank and income tax fraud. (Dkt. # 1.) On January 9, 2014, Garza, while represented by counsel, signed a plea agreement in which he pled guilty to Count 1 and Count 35, which charged him with bank fraud in violation of 18 U.S.C. § 1344 and willful failure to file an income tax return in violation of 26 U.S.C. § 7203, respectively. (Dkt. # 53.) On March 24, 2014, Garza, while represented by counsel, appeared before United States Magistrate Judge John W. Primomo; he was re-arraigned and pled guilty to

1

Counts 1 and 35. (Dkt. # 64.) On March 25, 2014, United States District Court Judge Orlando L. Garcia accepted Defendant's guilty plea. (Dkt. # 67.) On April 20, 2015, this Court[1] heard allocution and sentenced Defendant to 30 months of imprisonment, three years supervised release, and $681,943.27 of restitution on Count 1, and 12 months imprisonment on Count 35, to run concurrently. (Dkts. ## 91, 92.) This Court's sentence reflected a downward variance of 16 months from the low end guideline range.

Defendant appealed the sentence on the basis that "[t]he district court exceeded its statutory authority in its assessment of the amount to be ordered as restitution." ("Garza Appeal Brief," Dkt. # 115-1 at 7.) On December 28, 2015, the United States filed a Motion to Vacate Restitution Order and Remand for Assessment of Restitution with the United States Court of Appeals for the Fifth Circuit. (Dkt. # 118-1.) In its motion, the Government conceded that this Court's judgment of restitution in the amount of $681,943.27 was plain error under 18 U.S.C. § 3663A, because the judgment exceeded the loss caused by the specific conduct at the basis of the plea agreement for Count 1. (Id. at 2.) Defendant opposed this motion by arguing that the Fifth Circuit should not limit the scope of remand solely to the amount of restitution. (Dkt. # 118-2 at 2.) Specifically, Defendant argued that the Fifth Circuit should remand for reconsideration of all

---

[1] On November 13, 2014, the case was re-assigned to the undersigned. (Dkt. # 75.)

sentencing issues.  (Id.)  Nevertheless, on February 17, 2016, the Fifth Circuit granted the Government's Motion to Vacate and issued a mandate that specifically "ordered . . . remand . . .  for assessment of restitution."  ("Mandate," Dkt. # 112.)

On April 12, 2016, the United States filed its Motion to Amend the Judgment of Restitution.  (Dkt. # 113.)  Defendant filed a Response in opposition and in that Response included a Motion to Expand the Scope of Re-Sentencing.  (Dkt. # 115).  Defendant also filed a Motion to Withdraw the Plea Agreement.  (Dkt. # 114.)

On May 26, 2016, the Court heard oral argument on all three motions.  On May 31, 2016, the Court issued an order that (1) amended restitution to $0, (2) denied Defendant's Motion to Expand the Scope of Re-Sentencing pursuant to the mandate rule, and (3) denied Defendant's Motion to Withdraw the Plea Agreement pursuant to the mandate rule.  (Dkt. # 123.)

On May 31, 2016, Defendant filed a Motion for Reconsideration of Defendant's Motion to Withdraw his Plea Agreement.  (Dkt. # 124.)  On June 20, 2016, the Court denied the Motion for Reconsideration.  (Dkt. # 132.)  Defendant filed an Amended Notice of Appeal on July 1, 2016.  (Dkt. # 133.)  Defendant raises five issues on appeal: (1) his conviction; (2) this Court's order denying his Motion to Expand the Scope of Sentencing; (3) this Court's order granting in part and denying in part the Government's Motion to Amend Restitution; (4) this

Court's amended judgment; and (5) this Court's order denying Defendant's Motion for Reconsideration of his Motion to Withdraw his Plea Agreement.  (Id.)

On July 17, 2016, Defendant filed a Motion for Bond seeking release from incarceration during the pendency of his appeal. (Dkt. # 135.) The Government filed a Response in opposition. (Dkt. # 136.)

## LEGAL STANDARD

Title 18 U.S.C. § 3143(b) provides:

> [The court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ..., be detained unless [the court] finds−
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in−
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.
>
> If [the court] makes such findings, [the court] shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of

this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Fifth Circuit has interpreted § 3143(b) to require that "[t]o obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purposes of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." United States v. Clark, 917 F.2d 177, 179 (5th Cir. 1990). A "substantial question of law or fact" is one that "raises a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985). Such doubt may be raised because the question has not been addressed by controlling precedent, or otherwise be one "that very well could be decided the other way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). The Fifth Circuit has interpreted the language "likely to result in" to mean that if the substantial question is determined favorably to the defendant on appeal, that decision will more probably than not result in reversal, an order for a new trial, or one of the other alternatives provided under the statute. See id. at 1025.

## DISCUSSION

First, the Court notes that Defendant waived his right to appeal his sentence and conviction "on any ground, except in a case where the sentence imposed is greater than the maximum authorized by statute." (Dkt. # 53 at 3.) Not only was the sentence imposed less than the statutory maximum, but it was also less than the applicable Guidelines range. The Court therefore finds it highly unlikely that any question raised by Defendant on appeal will result in anything other than dismissal by the appeals court. See, e.g., United States v. Hutson, 12 F.3d 1099 (5th Cir. 1993) (non-precedential) (dismissing criminal defendant's appeal upon determining that the defendant's waiver of his right to appeal was informed and voluntary).

Even absent the waiver, the Court finds that Defendant's appeal raises no substantial issue of law or fact. To the extent Defendant now challenges the validity of his plea agreement on the basis that he did not enter into it voluntarily and knowingly because of ineffectiveness of counsel, such a challenge does not present a substantial question of law. Unless the Fifth Circuit reverses its consistent precedent, there is no question that the mandate rule prevented this Court from considering his various extraneous motions while this matter was procedurally postured on remand only for assessment of restitution. Further, even if the Court had authority to consider his motion to withdraw his plea agreement,

the Court has explained why such a motion would be denied on the merits. (See Dkt. # 123 at 11−14; Dkt. # 132 at 5−6.) Nearly a year and a half passed between the time Defendant signed his plea agreement and his original sentencing; now more than two years have passed since his guilty plea. Such an eleventh hour attempt to withdraw his plea agreement weighs heavily against granting a withdrawal; such timing more aptly presents an example of buyer's remorse. See United States v. Rodriguez, 306 F. App'x 135, 138 (5th Cir. 2009) ("This Court carefully scrutinizes 'eleventh hour' assertions of innocence."). Finally, any contention by Defendant of ineffectiveness of counsel was cured by Defendant's own admission that his co-counsel was effective and competent during the pre-sentencing and sentencing proceedings. (See Dkt. # 132 at 6.) In any case, the plea agreement states that claims for ineffective assistance of counsel are permitted through a collateral challenge. (Dkt. # 53 at 3.)

Further, Defendant has continually asserted that "[t]here are gross inaccuracies and errors as to the actual loss amounts provided by the government, which in turn were used to calculate the sentence." (Dkt. # 106 ¶ 3.) Defendant argues that the loss amounts "do not include payments that were satisfied prior to indictment of Defendant," and also do not include "sales proceeds on recovered collateral/real property by creditors." (Id.) Under the Sentencing Guidelines, credit against loss may only be given for money returned by the defendant to the

victim <u>before the offense is detected</u>, not for money returned prior to being formally charged with a crime.  U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(E).  While it is true that the amount a victim recovers through disposition of collateral pledged by the defendant, or the fair market value of the collateral if the victim has not yet disposed of it, <u>id.</u> § 2B1.1 cmt. n.3(E)(ii) & (iii), Defendant has not submitted evidence that raises a substantial question as to the calculation of the loss amounts used at sentencing.  The submitted evidence has not been authenticated, and further fails to identify which entities held what collateral, whether the collateral was disposed of at the time of sentencing or the date of Defendant's guilty plea, or the disposition or fair market value of such collateral.

The Court therefore finds that Defendant's appeal does not raise a substantial issue of either law or fact as to any issue on appeal.  Because Defendant has not met all of the requirements of § 3143(b), the Court **DENIES** his Motion for Bond Pending Appeal.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, July 25, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE